Jay Earl Smith, Esq.
Nevada Bar No. 1182
Joseph T. Prete, Esq.
Nevada Bar No. 9654
Katie M. Weber, Esq.
Nevada Bar No. 11736
SMITH LARSEN & WIXOM
1935 Village Center Circle
Las Vegas, Nevada 89134
Tel: (702) 252-5002
Fax: (702) 252-5006
Email: jes@slwlaw.com
　　　　jtp@slwlaw.com
　　　　kw@slwlaw.com
Attorneys for Defendants
Deutsche Bank National Trust Company, as Trustee;
JPMorgan Chase Bank, N.A., as an acquirer of
certain assets and liabilities of Washington Mutual
Bank, F.A. from the FDIC, acting as receiver; and
and California Reconveyance Company

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES ANDERSON, an individual, | |
| Plaintiff, | CASE NO.   2:10-cv-02242-RLH-GWF |
| v. | |
| DEUTSCHE BANK NATIONAL TR CO; JP MORGAN CHASE BANK, N.A.; CALIFORNIA RECONVEYANCE CO.; AND DOES I individuals 1 to 100, Inclusive; and ROES Corporations 1 to 30, Inclusive; and all other persons and entities unknown claiming any right, title, estate, lien or interest in the real property, described in the Complaint adverse to Plaintiff's ownership, or any cloud upon Plaintiff's title thereto, | **DEFENDANTS' ANSWER TO COMPLAINT** |
| Defendants. | |

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

Defendants Deutsche Bank National Trust Company, as Trustee ("Deutsche Bank"); JPMorgan Chase Bank, N.A., as an acquirer of certain assets and liabilities of Washington Mutual Bank, F.A. from the FDIC, acting as receiver ("Chase"); and California Reconveyance Company ("CRC") (collectively, "Defendants"), by and through their counsel, answer the Complaint of Plaintiff Charles Anderson as follows:

## STATEMENT OF CASE

1. Answering the first paragraph on page 2, Defendants aver that the referenced deed of trust speaks for itself with respect to the beneficiary, aver that the referenced judicial decision speaks for itself, deny all allegations that are contrary to or inconsistent with the referenced deed of trust and judicial decision, deny any separation of the referenced note and deed of trust, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

2. Answering the second paragraph on page 2, Defendants aver that the referenced judicial decisions speak for themselves, deny all allegations that are contrary to or inconsistent with the referenced decisions, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

3. Answering the third paragraph on page 2, Defendants deny any separation of the referenced note and deed of trust, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

4. Answering the first paragraph on page 3, Defendants deny the allegations.

5. Answering the second and third paragraphs on page 3, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

6. Answering the first and second paragraphs on page 4, Defendants deny the allegations.

## JURISDICTION AND PARTIES

7. Answering paragraph 1, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

. . .

8. Answering paragraph 2, Defendants aver that matters relating to the ownership of real property are of public record, which matters speak for themselves, deny all allegations that are contrary to or inconsistent with the public record, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

9. Answering paragraph 3, Defendants aver that Deutsche Bank has an interest in the subject property as a beneficiary, aver that Chase has an interest in the subject property as a loan servicer, aver that CRC was a trustee with respect to foreclosure of the subject property, deny any cloud on Plaintiff's title, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

10. Answering paragraph 4, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

11. Answering paragraph 5, Defendants aver that Deutsche Bank is a national bank, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

12. Answering paragraph 6, Defendants aver that Chase is a national banking association, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

13. Answering paragraph 7, Defendants aver that CRC is a California corporation authorized to transact business in the State of Nevada, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

14. Answering paragraphs 8 and 9, Defendants deny the allegations.

15. Answering paragraphs 10, 11, 12, 13, 14, 15, and 16, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

16. Answering paragraph 17, Defendants aver that CRC is registered to do business in the State of Nevada, aver that there is no requirement for Deutsche Bank and Chase to register to do business in the State of Nevada, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

. . .

17. Answering paragraph 18, Defendants deny any improper foreclosure of the subject property, deny any damages incurred by Plaintiff, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

## GENERAL ALLEGATIONS

18. Answering paragraph 1 (the second 1), Defendants repeat and reallege their answers to the foregoing paragraphs as though fully set forth herein.

19. Answering paragraph 2 (the second 2), Defendants aver that the referenced note and deed of trust speak for themselves, and deny all allegations that are contrary to or inconsistent with the referenced documents.

20. Answering paragraphs 3, 4, 5, 6, and 7 (the second 3, 4, 5, 6, and 7), Defendants deny the allegations.

21. Answering paragraph 8 (the second 8), Defendants aver that the referenced note and deed of trust speak for themselves, deny all allegations that are contrary to or inconsistent with those documents, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

22. Answering paragraphs 9, 10, 11, 12, 13, 14, 15, 16, and 17 (the second 9, 10, 11, 12, 13, 14, 15, 16, and 17), Defendants deny the allegations.

## FIRST CLAIM FOR RELIEF
### (Quiet Title - NRS 40.010 et seq.)

23. Answering paragraph 18 (the second 18), Defendants repeat and reallege their answers to the foregoing paragraphs as though fully set forth herein.

24. Answering paragraphs 19 and 20, Defendants aver that the referenced judicial decisions speak for themselves, and deny all allegations that are contrary to or inconsistent with those decisions.

25. Answering paragraph 21, Defendants deny any predatory or unfair business dealings, deny any violation of law, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

. . .

26. Answering paragraphs 22, 23, 24, 25, 26, 27, 28, 29, 30, and 31, Defendants deny the allegations.

27. Answering paragraph 32, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

28. Answering paragraphs 33 and 34, Defendants deny the allegations.

## SECOND CLAIM FOR RELIEF
### (Deceptive Trade Practices - All Named Defendants)

29. Answering paragraph 35, Defendants repeat and reallege their answers to the foregoing paragraphs as though fully set forth herein.

30. Answering paragraphs 36, 37, 38, 39, 40, 41, and 42, Defendants deny the allegations.

## THIRD CLAIM FOR RELIEF
### (Wrongful Foreclosure - Set Aside Trustee Sale)

31. Answering paragraph 43, Defendants repeat and reallege their answers to the foregoing paragraphs as though fully set forth herein.

32. Answering paragraphs 44, 45, 46, 47, 48, and 49, Defendants deny the allegations.

## FOURTH CLAIM FOR RELIEF
### (Conspiracy to Commit Wrongful Conversion)

33. Answering paragraph 50, Defendants repeat and reallege their answers to the foregoing paragraphs as though fully set forth herein.

34. Answering paragraphs 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, and 63, Defendants deny the allegations.

## FIFTH CLAIM FOR RELIEF
### (Statutorily Defective Foreclosure - NRS 170.080)

35. Answering paragraph 64, Defendants repeat and reallege their answers to the foregoing paragraphs as though fully set forth herein.

. . .

36. Answering paragraphs 65, 66, 67, 68, 69, 70, 71, 72, 73, and 74, Defendants deny the allegations.

### SIXTH CLAIM FOR RELIEF

### (Broken Chain of Custody (Promissory Note & Slander of Title))

37. Answering paragraph 75, Defendants repeat and reallege their answers to the foregoing paragraphs as though fully set forth herein.

38. Answering paragraph 76, Defendants aver that the referenced deed of trust speaks for itself, deny all allegations that are contrary to or inconsistent with the referenced deed of trust, deny any illegal separation of the note from the deed of trust, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

39. Answering paragraph 77, Defendants aver that the referenced judicial decision speaks for itself, deny all allegations that are contrary to or inconsistent with that decision, deny the remaining allegations to the extent they may relate to Defendants, and are without knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they may relate to other parties not named herein.

40. Answering paragraphs 78, 79, 80, and 81, Defendants deny the allegations.

41. Answering paragraph 82, Defendants aver that there is no "standing" requirement to commence nonjudicial foreclosure proceedings, and deny the remaining allegations.

42. Answering paragraphs 83, 84, 85, 86, 87, 88, and 89, Defendants deny the allegations.

### SEVENTH CLAIM FOR RELIEF

### (Wrongful Filing of Unlawful Detainer)

43. Answering paragraph 90, Defendants repeat and reallege their answers to the foregoing paragraphs as though fully set forth herein.

44. Answering paragraph 91, Defendants aver that the referenced statutes speak for themselves, and deny all allegations that are contrary to or inconsistent with those statutes.

45. Answering paragraphs 93, 94, 95, 96, 97, 98, and 99, Defendants deny the allegations.

6

## EIGHTH CLAIM FOR RELIEF

### (Injunctive Relief)

46. Answering paragraph 100, Defendants repeat and reallege their answers to the foregoing paragraphs as though fully set forth herein.

47. Answering paragraph 101, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

48. Answering paragraphs 102, 103, 104, 105, 106, and 107, Defendants deny the allegations.

## NINTH CLAIM FOR RELIEF

### (Declaratory Relief)

49. Answering paragraph 108, Defendants repeat and reallege their answers to the foregoing paragraphs as though fully set forth herein.

50. Answering paragraphs 109, 110, 111, 112, 113, 114, and 115, Defendants deny the allegations.

## TENTH CLAIM FOR RELIEF

### ((Rescission) Cancel Deed of Trust)

51. Answering paragraph 116, Defendants repeat and reallege their answers to the foregoing paragraphs as though fully set forth herein.

52. Answering paragraphs 117 (and all subparts thereto) and 125 (there are no paragraphs 118 through 124), Defendants deny the allegations.

53. Defendants deny all liability herein and deny all allegations of the Complaint that are not specifically admitted herein.

54. Defendants have been required to retain the services of attorneys to defend against this action, and have been damaged thereby, and are entitled to recover from Plaintiff reasonable attorneys' fees and costs of suit incurred herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.
2. The Complaint is barred or limited by estoppel.

3. The Complaint is barred or limited by waiver.

4. The Complaint is barred or limited by release.

5. The Complaint is barred by the terms of the promissory note, deed of trust, and related loan documents.

6. The Complaint is barred by Plaintiff's failure to perform contractual and legal obligations.

7. The Complaint is barred or limited by the doctrines of justification, license, and/or privilege.

8. Defendants complied with applicable laws and no relief is proper that would abrogate or interfere with their rights, including nonjudicial rights of foreclosure and the procedures set forth in NRS 107.080 *et seq.* Any proceedings in foreclosure were in compliance with Nevada law, including requirements under NRS Chapter 107.

9. The claims are barred or limited by the doctrines of unclean hands and failure to do equity.

10. Plaintiff has failed to mitigate his alleged claims, losses, and damages.

11. The complaint is barred by a lack of subject matter jurisdiction and standing.

12. Any claim for punitive damages is barred or limited by the applicable provisions and standards of the Nevada Revised Statutes regarding such claims, including without limitation, NRS 42.005 and interpretive case law. The claims are also subject to constitutional limitations. Defendants did not act in a fraudulent, malicious, or oppressive manner, nor did they act with an evil motive or an unconscionable disregard towards Plaintiff.

13. The Complaint is barred or limited by Plaintiff's negligence, and the damages, if any, sustained by Plaintiff were the result of, or caused by, the fault, carelessness, contributory negligence, and/or comparative negligence of Plaintiff, which operates to eliminate or reduce any award herein.

14. Defendants have acted in good faith, and with reasonable and ordinary care, and their actions did not substantially contribute to the damages allegedly sustained by Plaintiff.

. . .

15. The Complaint is barred by Plaintiff's breach of contractual obligations regarding the subject property, including the underlying promissory note and deed of trust.

16. Defendants have satisfied any and all statutory, constitutional, and contractual obligations that may have existed toward Plaintiff.

17. The Complaint is barred by, limited by, or otherwise subject to the applicable laws and statutory provisions governing pending actions, including NRS 14.015.

18. Defendants acted in accordance with reasonable commercial standards and practices; and within any statutes, regulations, and guidelines that may apply to financial organizations, mortgage companies, and servicing organizations.

19. The actions complained of, and the resulting damages, if any, are the result of third parties over whom Defendants have no control, and Defendants have no responsibility or liability for such parties' acts or omissions.

20. Plaintiff's Complaint is barred by the applicable statutory periods of limitation, laches, or otherwise by the passage of time.

21. The Complaint is barred by Plaintiff's failure to cure his default.

22. The Complaint is barred by the doctrines of claim preclusion and issue preclusion.

23. The Complaint is barred or limited by NRS 205.090, *et seq.*

24. The Complaint is barred or limited by NRS 589D.100, *et seq.*

25. The Complaint is barred or limited by the provisions of the Declaratory Relief Act.

26. The Complaint is barred or limited by the provisions of the Real Estate Settlement Practices Act.

27. There has been no justifiable and/or detrimental reliance by Plaintiff on any material misrepresentation or omission of Defendants.

28. The Complaint fails to comply with the requirements of Fed. R. Civ. P. 9, and there has been a failure to allege fraud with the requisite particularity.

. . .

9

29. Foreclosure proceedings were and are permitted by applicable law, the deed of trust, and agreements with Plaintiff, and there has been substantial compliance with Nevada law.

30. The claims may be subject to matters of bankruptcy law.

31. Defendants incorporate all the defenses enumerated in Fed. R. Civ. P. 8, which are incorporated for the purpose of not waiving any such defense.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by way of his Complaint and that the Complaint be dismissed with prejudice;

2. That Defendants be awarded reasonable attorneys' fees and costs of suit incurred herein in the defense of this action; and

3. For such other and further relief as the Court deems just and proper.

DATED this ___ day of January, 2011.

SMITH LARSEN & WIXOM

/s/

Jay Earl Smith, Esq.
Nevada Bar No. 1182
Joseph T. Prete, Esq.
Nevada Bar No. 9654
Katie M. Weber, Esq.
Nevada Bar No. 11736
1935 Village Center Circle
Las Vegas, Nevada 89134
Attorneys for Defendants
Deutsche Bank National Trust Company, as Trustee;
JPMorgan Chase Bank, N.A., as an acquirer of
certain assets and liabilities of Washington Mutual
Bank, F.A. from the FDIC, acting as receiver; and
and California Reconveyance Company

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this ___11___ day of January, 2011, a true copy of the foregoing **Defendants' Answer to Complaint** was served electronically via CM/ECF, or by mail, postage prepaid, to the following:

> Charles Anderson
> 6145 Laredo Street
> Las Vegas, NV 89146
> Plaintiff in pro per
> (Served Via U.S. Mail)

_____
an employee of Smith Larsen & Wixom

11