1  Jay Earl Smith, Esq.
2  Nevada Bar No. 1182
   Joseph T. Prete, Esq.
3  Nevada Bar No. 9654
   Katie M. Weber, Esq.
4  Nevada Bar No. 11736
5  SMITH LARSEN & WIXOM
   1935 Village Center Circle
6  Las Vegas, Nevada 89134
   Tel:  (702) 252-5002
7  Fax: (702) 252-5006
8  Email: jes@slwlaw.com
             jtp@slwlaw.com
9            kw@slwlaw.com
   Attorneys for Defendants
10 Deutsche Bank National Trust Company, as Trustee;
11 JPMorgan Chase Bank, N.A., as an acquirer of
   certain assets and liabilities of Washington Mutual
12 Bank, F.A. from the FDIC, acting as receiver; and
   and California Reconveyance Company

14
15                   **UNITED STATES DISTRICT COURT**
16                         **DISTRICT OF NEVADA**
17

18 CHARLES ANDERSON, an individual,       )
                                          )  CASE NO.    2:10-cv-02242-RLH-GWF
19             Plaintiff,                  )
20 v.                                      )
                                          )
21 DEUTSCHE BANK NATIONAL TR CO;          )  **MOTION FOR JUDGMENT**
   JP MORGAN CHASE BANK, N.A.;            )  **ON THE PLEADINGS AND**
22 CALIFORNIA RECONVEYANCE CO.;           )  **TO EXPUNGE LIS PENDENS**
   AND DOES I individuals 1 to 100, Inclusive; )
23 and ROES Corporations 1 to 30, Inclusive; )
   and all other persons and entities unknown )
24 claiming any right, title, estate, lien or interest )
   in the real property, described in the Complaint )
25 adverse to Plaintiff's ownership, or any cloud )
   upon Plaintiff's title thereto,         )
26                                          )
27             Defendants.                  )
   _____ )
28

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

Defendants Deutsche Bank National Trust Company, as Trustee ("Deutsche Bank"); JPMorgan Chase Bank, N.A., as an acquirer of certain assets and liabilities of Washington Mutual Bank, F.A. from the FDIC, acting as receiver ("Chase"); and California Reconveyance Company ("CRC") (collectively, the "Defendants"), by and through their undersigned counsel, hereby move the Court for judgment on the pleadings ("Motion for Judgment") dismissing the Complaint of Plaintiff Charles Anderson ("Plaintiff") *with prejudice*. Defendants further move to expunge the lis pendens that Plaintiff has recorded against the property that is the subject of this action ("Motion to Expunge").

The Motion for Judgment and Motion to Expunge are supported by the following Memorandum of Points and Authorities, the exhibits attached hereto, the record herein, and any argument that may be presented at any hearing hereon.

DATED this ___16___ day of February, 2011.

SMITH LARSEN & WIXOM

Jay Earl Smith, Esq., NBN 1182
Joseph T. Prete, Esq., NBN 9654
Katie M. Weber, Esq., NBN 11736
1935 Village Center Circle
Las Vegas, Nevada 89134
Attorneys for Defendants
Deutsche Bank National Trust Company, as Trustee;
JPMorgan Chase Bank, N.A., as an acquirer of
certain assets and liabilities of Washington Mutual
Bank, F.A. from the FDIC, acting as receiver; and
and California Reconveyance Company

2

SMITH LARSEN & WIXOM
A T T O R N E Y S
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This is the third lawsuit filed by Plaintiff Anderson seeking the same relief. The prior two lawsuits were dismissed by this Court without prejudice, thus permitting Plaintiff to file yet another action that still fails to state a claim. By virtue of this pattern of "filing suit," "having it dismissed," and "filing another suit," *Plaintiff has successfully remained in possession of, and tied up, the subject property for more than two years without making a single payment on his mortgage loan obligation.* The Court needs to put a stop to this judicial gamesmanship, and enter another dismissal – this time **with prejudice[1]** – to prevent the continued and ongoing abuse of the judicial process by Plaintiff.

Plaintiff's Complaint asserts the following claims for relief: (1) quiet title; (2) deceptive trade practices; (3) wrongful foreclosure; (4) conspiracy to commit wrongful conversion; (5) statutorily defective foreclosure; (6) broken chain of custody of the promissory note; (7) wrongful filing of unlawful detainer; (8) injunctive relief; (9) declaratory relief; and (10) rescission/cancellation of deed of trust. None of these claims has any merit. For instance, Plaintiff's first, second, third, fourth, fifth, eighth, ninth and tenth claims for relief are mere repeats of claims asserted in Plaintiff's previous lawsuits, which were dismissed, and they should be dismissed here for the reasons they were dismissed previously. Plaintiff's sixth and seventh claims for relief should be dismissed because, among other reasons, they are not legally cognizable claims for relief in Nevada. Finally, each of Plaintiff's claims for relief fails for numerous other reasons as set forth in more detail *infra*. Defendants respectfully submit that dismissal should be *with prejudice* and request an order of the court expunging the lis pendens that Plaintiff recorded against the subject property.

---

[1] *See* Section IV below.

3

## II. FACTUAL ALLEGATIONS

1.      On or about February 9, 2006, Plaintiff obtained a loan ("Loan") Defendant Long Beach Mortgage Company[2] ("Long Beach") in the amount of $452,000, which was secured by a deed of trust ("Deed of Trust") on property located at 6145 Laredo Street, Las Vegas, NV 89146, parcel no. 163-11-507-004 (the "Property"). (Cmpt., General Allegations ("GA"), at ¶¶ 2, 8.)  (A true copy of Plaintiff's Deed of Trust is attached hereto as Exhibit A.[3])  The Loan is a valid, enforceable contract. (Cmpt., at ¶ 101.)

2.      Defendants allegedly have no standing to foreclose or to evict Plaintiff from the Property. (*Id.*, at ¶¶ 3, 17, 82-83, 105.)

3.      Allegedly, CRC unlawfully recorded a Notice of Default against the Property before it had become the trustee of record. and the NOD was not sent to Plaintiff by certified mail. (*Id.*, at ¶¶ 23, 66, 68.)[4]  (A copy of the Notice of Default is attached hereto as Exhibit B.)

4.      Plaintiff allegedly did not receive notice of his default or notice of the trustee's sale. (*Id.*, at ¶¶ 67, 93-94.)

---

[2]

Long Beach is a subsidiary of Washington Mutual Bank, F.A., a failed bank that was taken over by the Federal Deposit Insurance Corporation ("FDIC"), acting as receiver.  In September of 2008, Chase acquired certain assets and liabilities of WAMU from the FDIC, including the subject Loan.

[3]

Consideration of the content of the public records cited herein and the attached documents does not transform this 12(c) motion into a motion for summary judgment.  When ruling on such motions, courts may consider public records and exhibits that are specifically referred to or relied on in the Complaint. *See, e.g., Anderson v. County of Nassau*, 297 F. Supp. 2d 540, 544-45 (E.D.N.Y. 2004); *In re Bayside Prison Litig.*, 190 F. Supp. 2d 755, 760 (D. N.J. 2002).  Courts may also take judicial notice of public records. *See* Fed. R. Evid. 201.

[4]

Plaintiff further alleges that recordation of the Notice of Default constitutes libel of title. (Cmpt., GA, at ¶¶ 24, 44.)  This conclusory contention is unsustainable because Plaintiff has failed to allege any of the elements of a slander of title claim. *See Higgins v. Higgins*, 103 Nev. 443, 445, 744 P.2d 530, 531 (1987) (a claim for slander of title requires a false and malicious communication published to third parties, which is disparaging to one's title in land and causes special damages).  Moreover, it is undisputed that Plaintiff entered into the Loan and stopped making his Loan payments, warranting recordation of the Notice of Default, pursuant to the terms of the Loan and pursuant to Nevada law. (*See* Exhibit A; NRS 107.080.)  Thus, Plaintiff's libel/slander of title allegation must be rejected.

4

5. The subject Loan is allegedly unenforceable because the Loan note and Deed of Trust were separated which resulted in a break in the chain of title. (*Id.*, Statement of the Case; GA, at ¶¶ 6, 30, 56, 76-77, 83.)

6. Defendants, allegedly, are liable for deceptive trade practice because they knowingly made unspecified false representations to Plaintiff and because they failed to provide Plaintiff with the correct Notice of Servicing, or with accounting and servicing information about the Loan. (*Id.*, at ¶¶ 36, 39, 84-87, 110, 124.)

7. Defendants allegedly willfully failed to properly review and consider Plaintiff for foreclosure prevention options. (*Id.*, at ¶ 45.)

8. Defendants allegedly conspired to deprive Plaintiff of his Property by offering him a loan that he could not realistically pay back or modify, and by packaging and selling the loan on the secondary market. (*Id.*, at ¶¶ 52-54, 56.)

9. Plaintiff is entitled to injunctive relief to enjoin foreclosure and/or eviction proceedings, and sale of the Property, and to a declaration that non-party Bank of America continues to violate truth in lending laws and that defendants have committed and continue to commit unfair lending practices. (*Id.*, at ¶¶ 102-105, 114.)

. . .

. . .

. . .

. . .

. . .

. . .

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

### III. ARGUMENT

### A.  Plaintiff's Complaint Is Procedurally Improper and Must Be Dismissed

<u>(1) Plaintiff Failed to Challenge the Court's Decision in the First and Second Lawsuits and Did Not Seek Leave to Amend in Either Lawsuit</u>

***This lawsuit is the <u>third action</u> that Plaintiff has filed related to the subject Loan and Property.***  Plaintiff's first Complaint ("First Lawsuit"), filed on September 4, 2009, asserted claims for quiet title, wrongful foreclosure, violations of the Truth in Lending Act ("TILA") and rescission. The First Lawsuit named Deutsche Bank and several other defendants.  Deutsche Bank filed a motion for judgment on the pleadings on January 27, 2010, which was granted, and an Order granting the motion was filed and served on the parties on April 1, 2010.  (A copy of the Order of dismissal is attached hereto as Exhibit C; a copy of the docket entry related to the Order is attached hereto as Exhibit D.)   In granting Deutsche Bank's motion, the Honorable Judge Robert C. Jones held that: (1)  Plaintiff had failed to state a legally cognizable claim for relief as against Deutsche Bank; (2) the remaining defendants were dismissed due to lack of service of process; and (3) the case is designated as closed.   (*Id.*)

Three and a half months later, Plaintiff filed a Second Lawsuit ("Second Lawsuit") in state court which was promptly removed to federal court.  The second lawsuit named Deutsche Bank, CRC and several other defendants, and asserted numerous claims for relief including claims for unfair lending practices, deceptive trade practices, wrongful foreclosure, conspiracy to commit fraud and conversion, quiet title, injunctive relief, declaratory relief and rescission. On September 1, 2010, Deutsche Bank and CRC filed a motion to dismiss Plaintiff's Second Lawsuit for failure to state a viable claim for relief. The motion was granted by Court Order dated October 29, 2010, and notice of entry of the Court's Order was served on all of the parties that same day.  (A copy of the Order of dismissal of the Second Lawsuit is attached hereto as Exhibit E; a copy of the docket entry related

6

to the Order of dismissal in the Second Lawsuit is attached hereto as Exhibit F.)

Upon being noticed of the adverse ruling in the First Lawsuit and Second Lawsuit, Anderson took no action to challenge the Court's ruling. For instance, he failed to file a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e), and the 28-day period to do so has long passed. Nor did he seek leave to amend his complaint in either lawsuit.

Instead, two weeks after the Court dismissed Plaintiff's Second Lawsuit, Plaintiff filed this third action in state court in a clear attempt to relitigate the same claims and allegations that this Court unequivocally rejected in the First and Second Lawsuits. The claims are over, and they cannot be relitigated here – in a separate action. Thus, this Complaint should be dismissed.

## B. Plaintiff's Complaint Is Substantively Unsustainable and Must Be Dismissed

While Plaintiff's Complaint should be dismissed for the reasons set forth above, dismissal is also appropriate because none of the claims for relief asserted in Plaintiff's Complaint has any merit.

### (1) Standard of Review for Judgment on the Pleadings

Pursuant to Fed.R.Civ.P. 12(c), "[a]fter the pleadings are closed but early enough not to delay trial[5] – a party may move for judgment on the pleadings." The standard of review is equivalent to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *See, e.g., Dworkin v. Hustler Magazine Inc.,* 867 F.2d 1188, 1192 (9th Cir. 1989).

To survive such a motion, a complaint must be pled in such a fashion as to show a plaintiff's entitlement to relief. *See* Fed.R.Civ.P. 8(a)(2). This "requires more than labels and conclusions, and a formulaic recitation of [a cause of action's elements] will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must allege "enough facts to state a claim to relief that is plausible

---

[5]
This motion is timely, and will not delay trial, because a trial date has not even been set in this matter.

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

on its fact" and must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 192 S. Ct. 1937, 1949 (2009).

Moreover, the factual allegations[6] must be enough to raise a claim above the speculative level, and bald contentions, unsupported characterizations and legal conclusions will not suffice to defeat a motion to dismiss. *Id.*; *see also G.K. Las Vegas Ltd. P'ship v. Simon Prop. Group, Inc.*, 460 F. Supp. 2d 1246, 1261 (D. Nev. 2006). There must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 192 S.Ct. at 1949.

Furthermore, to the extent there is any putative claim for fraud, Rule 9(b) requires: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

While Plaintiff is purportedly a pro se litigant, "a pro se's party status does not relieve the party of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Kerr v. Wanderer & Wanderer*, 211 F.R.D. 625, 629 (D. Nev. 2002).

Plaintiff has failed to assert facts sufficient to give rise to any cognizable legal claim against any of the Defendants. Accordingly, the Complaint should be dismissed with prejudice in its entirety.

. . .

. . .

---

[6]

Courts will not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Nor will they assume that a plaintiff can prove facts or violations that have not been alleged. *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). Nor are courts "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 231 F.3d 520, 527-28 (9th Cir. 2000), *superseded on other grounds*, 266 F.3d 979 (9th Cir. 2001).

SMITH LARSEN & WIXOM
A T T O R N E Y S
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

SMITH LARSEN & WIXOM

A T T O R N E Y S
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

### (2) Plaintiff's Quiet Title Claim Is Unsustainable

Plaintiff's quiet title claim must be dismissed for each of the reasons it was dismissed in the First and Second Lawsuits. (*See* Exhibit C, pp. 5-6; Exhibit E, pp. 6-7.)  The quiet title claim should be dismissed for other reasons as well.

To establish a right to quiet title, Plaintiff has the burden of demonstrating good and clear title to the Property. *Breliant v. Preferred Equities Corp.*, 112 Nev. 663, 669, 918 P.2d 314, 318 (1996).  In so doing, he must overcome the presumption in favor of the record titleholder. *Id.*  He has not done so and he cannot do so.  Indeed, any right Plaintiff once had to the Property – which at all relevant times was encumbered by the Deed of Trust of the Loan – has been extinguished by virtue of a valid and proper foreclosure (trustee's) sale.  (A copy of the Trustee's Deed Upon Sale is attached hereto as Exhibit G.)

Plaintiff's claim should also be dismissed because Plaintiff has not provided, and cannot provide, this Court with "any cogent argument, legal analysis, or supporting factual allegations" to justify a quiet title determination in favor of Plaintiff. *Browning v. State*, 120 Nev. 347, 361, 91 P.3d 39, 50 (2004).

Plaintiff's claim should also be dismissed because in quiet title actions like this one, the party seeking title must tender the undisputed amount due and owing to challenge the validity of the trustee's sale. *See, e.g.*, *Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101, 1109 (1996). Plaintiff has failed to tender the amount due and owing.

Finally, Plaintiff's quiet title claim should also be dismissed because a quiet title action is an equitable proceeding and it is well established that one who seeks equity must first do equity. *See, e.g.*, *In re Gardenhire*, 209 F.3d 1145, 1151 (9th Cir. 2000); *In re Bernard,* 96 F.3d 1279, 1283 (9th Cir. 1996); *McQuiddy v. Ware*, 87 U.S. 14, 19 (1873).  By defaulting on the Loan, and failing

to cure his default, Plaintiff has failed to do equity, and is therefore precluded from seeking equitable relief. *Id.* For each of the foregoing reasons, Plaintiff's quiet title action must be dismissed.

(3) Plaintiff's Deceptive Trade Practices Claim Is Unsustainable

Plaintiff's deceptive trade practices claim is based on the allegation that an unspecified defendant made unspecified false representations to Plaintiff and did not furnish to Plaintiff certain documents purportedly required under 12 U.S.C. § 2605(a). (Cmpt., at ¶¶ 36, 39, 84-87, 110, 124.) This claim is unsustainable for several reasons.

First, it is unsustainable for the same reasons it was unsustainable in Plaintiff's Second Lawsuit. (*See* Exhibit E, pp. 4-5.)

Second, the claim should be dismissed because it is vague and conclusory and fails to identify any specific provision of Nevada's Deceptive Trade Practices Act ("DTPA") that was allegedly violated, or any specific documents that were improperly withheld pursuant to 12 U.S.C. § 2605(a). Plaintiff's vague and conclusory allegations are insufficient to give rise to a viable DTPA claim. *See Iqbal*, 192 S.Ct. at 1953; *Sprewell*, 231 F.3d at 527-28.

Plaintiff's deceptive trade practices claim is also is unsustainable because it is barred by the applicable statutes of limitation. Specifically, 12 U.S.C. § 2605(a) is a provision under the Real Estate Settlement Procedures Act ("RESPA") which is governed by a three-year statute of limitations. *See* 12 U.S.C. § 2614. The statute of limitations for a claim under Nevada's DTPA is four years. *See* NRS 11.190(2)(d). Because Plaintiff filed this action more than four years after origination of the subject Loan, his deceptive trade practices claim is statutorily barred and must be dismissed.

Finally, Plaintiff's claim is also unsustainable because it sounds in fraud, and Plaintiff has not pled fraud with the requisite particularity, as required by Fed.R.Civ.P. 9(b). Nor has Plaintiff

specified the precise time, place, and content of the alleged misrepresentations, or the names of the parties involved. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999); *Brown v. Kellar*, 97 Nev. 582, 583, 636 P.2d 874, 874 (1981); Fed.R.Civ.P. 9(b).  For each of the foregoing reasons, Plaintiff's deceptive trade practices claim is unsustainable and must be dismissed with prejudice.

(4) Plaintiff's Wrongful Foreclosure Claims (Third and<br>Fifth Claims for Relief) Are Unsustainable

This is the third time Plaintiff has asserted a claim for wrongful foreclosure, and this Court squarely dismissed this claim the first two times it was asserted. (*See* Exhibits C and E.)  This claim should be dismissed for the same reasons it was dismissed in the First and Second Lawsuits.  (*Id.*)  Dismissal is also appropriate for the reasons set forth below.

*(a) Plaintiff's Wrongful Foreclosure Claim Is Unsustainable Because<br>Plaintiff Failed To Make Required Payments under the Loan Documents*

Plaintiff's wrongful foreclosure action is unsustainable because Plaintiff has failed to meet the threshold pleading standard for wrongful foreclosure under Nevada law.  A wrongful foreclosure action can only exist:

> *if* the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, *no breach of condition or failure of performance existed* on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale.

*Collins v. Union Federal Sav. & Loan Ass'n*, 99 Nev. 284, 304, 662 P.2d 610, 623 (1983) (emphasis added); *Ernestberg v. Mortgage Investors Group*, 2009 WL 160241, at *5 (D. Nev. Jan. 22, 2009). The key issue in such a claim is "whether the trustor was in default when the power of sale was exercised." *Collins*, 99 Nev. at 304, 662 P.2d at 523.  Here, there can be no viable wrongful foreclosure claim because it is undisputed that Plaintiff defaulted on his Loan obligations.

Plaintiff's wrongful foreclosure claim is also unsustainable because Plaintiff does not allege an attempt to tender the full amount owed on the Loan or to cure his default.  This is fatal to

11

Plaintiff's claim. *See, e.g., Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 577 (1984); *Joyner v. Bank of America Home Loans*, 2010 WL 2953969, at *5 (D. Nev. July 26, 2010). (noting that the tender rule is widely accepted).  Absent an alleged and actual tender, the Plaintiff cannot assert a viable claim for relief. *Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 117 (1971). For the foregoing reasons, Plaintiff's wrongful foreclosure claim should be dismissed.

> ### (b) Plaintiff's Wrongful Foreclosure Claim Should Also Be Dismissed Because Nonjudicial Foreclosure Is Proper under the Loan Documents and Pursuant to Nevada Law

The wrongful foreclosure claim should be dismissed with prejudice for the reasons stated above.  However, it is noteworthy that foreclosure on the Property was valid and proper under the terms of the Loan documents and pursuant to Nevada law.

The provisions of NRS Chapter 107 provide the comprehensive statutory framework governing nonjudicial foreclosure sales.  In Nevada, the instrument most commonly used to secure a promissory note for a real property loan is a deed of trust.  The deed of trust gives the creditor a lien on the secured property to satisfy the obligation under the note if it is not paid.  NRS 107.020; 107.080; *see also St. Angelo v. Victoria Farms, Inc.*, 38 F.3d 1525, 1534 (9th Cir. 1994).  Upon the default of the borrower and a failure to cure, nonjudicial foreclosure is proper.  NRS 107.080.

Here, Plaintiff acknowledges that he entered into the loan transaction consisting of a Note and Deed of Trust. (Cmpt., at ¶¶ 2 and 8 (second paragraphs 2 and 8); *see also* Exhibit A.) The loan documents provide for foreclosure of the Property when the borrower defaults and fails to cure his default, as has occurred here. (*See, e.g.,* Exhibit A, ¶ 22.)  It is undisputed that Plaintiff stopped making payments on the Loan and he has not alleged that he cured his default or that he entered into any modification or forbearance agreement.  Nor has he asserted any sustainable allegation to

12

establish a failure to substantially comply with the provisions of NRS 107.080.[7] Thus, foreclosure

on the Property is justified under the circumstances, and the Complaint should be dismissed.

*(c) Plaintiff's Wrongful Foreclosure Claim Must Be Dismissed Because*
*None of the Allegations Undergirding the Claim Has Any Merit*

Plaintiff's wrongful foreclosure claim appears to be based on five basic arguments: (1)

defendants lack standing to foreclose; (2) the notice of default was defective; (3) Plaintiff did not

receive notice of his default or notice of the trustee's sale; (4) the Loan is unenforceable because of

separation of the Note and Deed of Trust; and (5) defendants did not properly consider Plaintiff for

a loan modification. (Cmpt, at ¶¶ 3, 17, 23, 66, 68, 82-83, 93-94, 105.) None of these contentions

gives rise to a viable wrongful foreclosure claim.

**(i) Plaintiff's Standing Argument Is Unsustainable**

Plaintiff's standing argument is unsustainable because there is no "standing" requirement in

the context of nonjudicial foreclosure proceedings. Standing is a concept rooted in Article III of the

Constitution, requiring injury in fact, causation, and redressibility, ***as it relates to the right to file an***

***action in court.*** *Valley Forge Christian College v. Americans United for Separation of Church &*

*State, Inc.*, 454 U.S. 464, 472 (1982); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

There is no "standing" requirement for nonjudicial foreclosure proceedings, which are specifically

designed to permit foreclosure proceedings without the commencement of a lawsuit. *See, e.g., Ritter*

---

[7]

To the extent any of Plaintiff's wrongful foreclosure allegations, discussed below, has any merit, the alleged error was at most harmless and inconsequential, and did not affect Plaintiff's rights. Here, Plaintiff does not dispute the fact that he stopped making payments on the Loan or that foreclosure was authorized under the circumstances pursuant to the Deed of Trust and Nevada law. All of his arguments focus on perceived but unfounded technicalities that in no way prejudice Plaintiff. Minor procedural errors, such as the ones Plaintiff alleges here, do not void foreclosure sales. *See* NRS 107.080(5)(a); *Mortgage Elec. Registration Sys., Inc. v. Goduto*, 955 A.2d 544, 550 (Conn. App. 2008) (in foreclosure proceedings, court looks "primarily to the actual notice received rather than asking whether there has been a punctilious adherence to formality"). Moreover, to the extent Plaintiff asserts a wrongful foreclosure action under NRS 107.080(5), such a claim is statutorily barred.

SMITH LARSEN & WIXOM

A T T O R N E Y S

HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

SMITH LARSEN & WIXOM

A T T O R N E Y S
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

*v. Countrywide Home Loans, Inc.*, 2010 WL 3829378 (D. Nev. Sept. 24, 2010); *Hilmon v. Mortgage Electronic Registration Systems, Inc.*, 2007 WL 1218718, at *3 (E.D. Mich. Apr. 23, 2007). Accordingly, Plaintiff's standing argument must be rejected.[8]

What is needed in a nonjudicial foreclosure proceeding is "authority" to foreclose, and it is well established that beneficiaries such as Deutsche Bank and Chase and trustees such as CRC have authority to pursue nonjudicial foreclosure proceedings. *See, e.g.*, NRS 107.080(2) and (4). Plaintiff has not presented, and cannot present, any evidence to refute the fact that Defendants had authority to pursue foreclosure, and his conclusory allegations to the contrary must be rejected. Accordingly, the lack of standing claim must be dismissed.

### (ii) Plaintiff's Arguments about the Notice of Default and Notice of the Trustee's Sale Are Unsustainable

Plaintiff contends that he did not receive notice of his default or notice of the trustee's sale, and that the Notice of Default is defective because it was unlawfully recorded by CRC before CRC had substituted in as trustee of record. (Cmpt., at ¶¶ 23, 66-68, 93-94.) None of these arguments gives rise to a viable claim against Defendants.

Plaintiff's contention that he did not receive foreclosure notices is inconsequential because Nevada has long followed the mailbox rule -- that mailing of the notices is all that Nevada law requires. *Hankins v. Administrator of Veterans Affairs*, 92 Nev. 578, 555 P.2d 483 (1976); *Turner v. Dewco Services, Inc.*, 87 Nev. 14, 479 P.2d 462 (1971). Plaintiff's contention about "receipt" of the notices is unavailing because there is no requirement in Nevada to ensure that a party "receives"

---

[8]

To the extent Plaintiff contends that defendants are not the "real party in interest," this argument fails for the same reason as his "standing" argument. As with "standing," a party's obligation to establish that it is a real party in interest only comes into play when it takes affirmative judicial action – something Defendants are not doing here. *See* Fed.R.Civ.P. 17(a). Because any affirmative action Defendants took to pursue nonjudicial foreclosure proceedings was, by definition, ***non-judicial***, the real party in interest doctrine is inapplicable here. There is no real party in interest requirement to defend oneself in a lawsuit. *See* Fed.R.Civ.P. 17(a).

notices, only that they be mailed to his last known address, which occurred here.

With respect to Plaintiff's contentions about CRC, this same contention was thoroughly considered and rejected in the First Lawsuit.  There, the Court explained as follows:

> CRC's status as trustee is irrelevant because it executed the Notice of Default as an agent for the beneficiary, not as trustee. ... This is permitted by statute.  *See* Nev. Rev. Stat. 107.080(1)(b) ("The beneficiary, the successor in interest of the beneficiary or the trustee first executes and causes to be recorded ...."). However, to the extent CRC's status as trustee may be relevant, it became the authorized successor trustee on the date the notice of Default was executed. While the Substitution of Trustee naming CRC as trustee was not recorded until September 4, 2009, it was executed on September 2, 2009, the same day the Notice of Default was executed–making CRC the successor trustee at the time the notice of Default was executed. ... Contrary to Plaintiff's argument, the Substitution of Trustee became effective on the date of execution, not the date of recording.

(*See* Exhibit C, pp. 7-8.)  The facts related to the Notice of Default and substitution of trustee remain the same.  Accordingly, Plaintiff's contention that the Notice of Default is defective must be rejected.

In short, Plaintiff's contentions that he did not receive foreclosure notices and that the Notice of Default was defective are unsustainable and in no way give rise to a viable claim for wrongful foreclosure.

### (iii) Plaintiff's "Split the Note" Argument Is Dispelled Below

Plaintiff's contention that the Loan is unenforceable because of separation of the note and Deed of Trust is dispelled in section III(B)(6) below and must be rejected.

### (iv) Plaintiff's Loan Modification Argument Is Unsustainable

Finally, Plaintiff's contention that foreclosure is wrongful because he was not properly considered for foreclosure prevention options (*see* Cmpt. ¶ 45.) is wholly without merit.

SMITH LARSEN & WIXOM
A T T O R N E Y S
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

Contrary to Plaintiff's contention, there is no provision under the Loan mandating that a borrower be considered for a loan modification or any other loan work-out arrangement, nor is there any private right of action under the federal government's Home Affordable Mortgage Program. *See generally* Exhibit A; *see also Benito v. Indymac Mortgage Services*, 2010 WL 2130648 (D. Nev. May 21, 2010). Moreover, the Property was sold at a trustee's sale in February, 2009, months before Nevada's foreclosure mediation program came into effect (July 1, 2009); therefore, Plaintiff had no right under Nevada law to even explore the possibility of a loan work-out. *See* NRS 107.086, reviser's note. In short, Plaintiff's loan modification argument is unfounded and must be rejected.

For each of the foregoing reasons, Plaintiff's wrongful foreclosure claim is wholly unsustainable and must be dismissed with prejudice.

<u>(5) Plaintiff's Conspiracy Claim Is Unsustainable</u>

While Plaintiff's conspiracy claim is no model of clarity, it appears to be based on allegations that Defendants worked in concert with each other: (1) to induce Plaintiff to execute a predatory loan; (2) to package and sell the subject Loan on the secondary market; (3) and to unlawfully foreclose on the subject Property resulting in conversion. (Cmpt. ¶¶ 51-61.) Plaintiff's conspiracy claim is unsustainable.

To establish civil conspiracy, a plaintiff must prove a combination of two or more persons who, by some concerted action, intend to accomplish an unlawful objective for the primary purpose of causing injury to another. *See, e.g., Consol. Generator-Nevada, Inc. v. Cummins Engine Co., Inc.*, 114 Nev. 1304, 1311, 971 P.2d 1251, 1256 (1988). Plaintiff cannot establish any of these elements.

Preliminarily, the conspiracy claim fails because Plaintiff cannot establish any unlawful conduct by any of the Defendants. As beneficiaries and trustee under the Deed of Trust, Defendants were fully authorized to take action with respect to the subject Loan and it is legally impossible to

conspire to act within one's legal rights. *See Paul Steelman Ltd. V. KHS, Inc.*, 2007 WL 295610, at *3 (D. Nev. Jan. 26, 2007).

Moreover, without an underlying tort, there can be conspiracy claim. *See Jordan v. Nevada*, 121 Nev. 44, 75, 110 P.3d 30, 51 (2005); *Grisham v. Philip Morris USA*, 403 F.3d 631, 635 (9th Cir. 2000); *Rashidi v. Albright*, 818 F. Supp. 1354, 1360 (D. Nev. 1993). To the extent the conspiracy claims are based on allegations of fraudulent inducement, they fail, among other reasons, because defendants were not involved in origination of the Loan and because fraudulent inducement claims only lie where there is a fiduciary duty between the plaintiff and defendant(s), which is absent here.[9] To the extent Plaintiff's conspiracy claim relates to "predatory lending," such a claim for relief is not legally cognizable in Nevada. To the extent the conspiracy claim relates to packaging and selling the subject Loan, this cannot form a basis for conspiracy because there is nothing unlawful about such action. To the extent it relates to a wrongful foreclosure claim, it is dispelled in section III(B)(4), *supra*. Finally, to the extent the conspiracy claim is based on allegations of conversion, it fails because Plaintiff has not alleged any of the elements of a viable claim for conversion.[10] In short, because Plaintiff has not demonstrated any unlawful conduct by defendants, his conspiracy claim necessarily fails. *Jordan*, 121 Nev. At 75; *Grisham*, 403 F.3d at 635.

The conspiracy claim also fails because Plaintiff cannot establish any agreement between

---

[9]

It is well established that there is no fiduciary duty between borrowers and lenders. *See, e.g., Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650 (D. Nev. Oct. 26, 2009); *Weingartner v. Chase Home Fin.*, LLC, 2010 WL 1006708, at *9 (D. Nev. 2010).

[10]

Conversion is a distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with his title or right therein or in derogation, exclusion, or defiance of such title or rights. *Evans v. Dean Witter Reynolds, Inc.*, 5 P.3d 1043, 1048 (Nev. 2000). To the extent Plaintiff's conspiracy claim is based on allegations of conversion, it fails because Plaintiff has failed to demonstrate any of these elements. Moreover, whereas conversion relates to ***wrongful*** dominion over another's ***personal*** property, there is nothing wrongful about foreclosure on the subject Property – which is justified under the terms of the Loan and pursuant to Nevada law – and the Property at issue here is <u>real</u> property not personal property. In short, Plaintiff's "conversion" allegation must be rejected.

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

Defendants to intentionally engage in misconduct, let alone unlawful conduct for the primary purpose of harming Plaintiff. *Cummins Engine*, 114 Nev. at 1311, 971 P.2d at 1256. Nor has Plaintiff articulated the role of any defendant in the purported conspiracy. For each of these reasons, the conspiracy claim is unsustainable. (*Id.*)

Finally, to the extent Plaintiff alleges that defendants conspired to defraud Plaintiff, the claim fails because Plaintiff has failed to plead this claim with the requisite degree of specificity.[11] In short, Plaintiff has not alleged and cannot establish the necessary elements of a conspiracy claim, and his conspiracy claims must be dismissed.

### (6) Plaintiff's "Broken Chain of Custody Claim" Has No Merit

Plaintiff's "broken chain of title claim" (sixth claim for relief) appears to be based on the allegation that the subject Loan is unenforceable because the Loan Note and Deed of Trust were separated, resulting in a break in the chain of title. (Cmpt., Statement of the Case; GA, at ¶¶ 6, 30, 56, 76-77, 83.) Plaintiff's claim is unsustainable for at least two reasons.

First, there is no legally cognizable claim for relief in Nevada for broken chain of custody.

Second, this Court has repeatedly rejected Plaintiff's "split the note" argument, holding instead that the mortgage follows the note. *See Gomez v. Countrywide*, 2009 WL 3617650, at *7, 74 Fed.R.Serv.3d 1339 (D. Nev. Oct. 26, 2009) (slip copy); *Thoms v. America's Servicing Co.*, 2010 WL 3910083 (D. Nev. Oct. 1, 2010); *Vega v. CTX Mtg. Co., LLC*, 2011 WL 192514, at *2, --- F.Supp.2d — (D. Nev. Jan 19, 2011); *see also In re Mortgage Electronic Registration Systems (MERS) Litigation*, 2010 WL 4038788, at *8, —F.Supp.2d — (D.Ariz. Sept. 30, 2010).

---

[11] *See* Fed.R.Civ.P. 9(b); *see also Arroyo v. Wheat*, 591 F. Supp. 141, 144 (D. Nev. 1984); *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008). Sufficient particularity "calls for the complaint to specify the manner in which a defendant joined the conspiracy and how he participated in it." *Arroyo*, 591 F. Supp. at 144. Plaintiff has failed to assert a conspiracy claim with the requisite specificity and his conspiracy claims must be dismissed.

SMITH LARSEN & WIXOM
A T T O R N E Y S
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

SMITH LARSEN & WIXOM

A T T O R N E Y S
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

For each of the foregoing reasons, Plaintiff's broken chain of custody claim is unsustainable and should be dismissed.

### (7) Plaintiff's Claim for Wrongful Filing of Unlawful Detainer Is Unsustainable

Plaintiff's wrongful filing of unlawful detainer claim is unsustainable for at least two reasons. First, there is no legally cognizable claim for relief in Nevada for wrongful filing of unlawful detainer.  Moreover, to the extent Plaintiff believes a unlawful detainer action was filed in error, the proper place for asserting such an argument is within the context of that action, not here.

Plaintiff's unlawful detainer claim is also unsustainable because it appears to be based on the unfounded contention that foreclosure proceedings related to the Property are unlawful.  As set forth in section III(B)(4), *supra*, Plaintiff's wrongful foreclosure allegations are wholly without merit.

For the foregoing reasons, Plaintiff's seventh claim for relief for wrongful filing of unlawful detainer is unsustainable and should be dismissed.

### (8) Plaintiff's Injunctive Relief Claim Is Unsustainable

Plaintiff seeks injunctive relief to enjoin eviction proceedings.  His injunctive relief claim is unsustainable for several reasons.

First, it is well established that injunctive relief does not state a claim for relief because it is a remedy, not an independent cause of action.  *See, e.g.*, *Alandia v. U.S. Bank, N.A.*, 2009 WL 4611442, at *3 (D. Nev. Dec. 1, 2009); *In re Wal-Mart Wage & Hour Employment Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007).

Second, it is also unsustainable because, as set forth herein, Plaintiff cannot demonstrate a reasonable probability of success on the merits of any of his claims.  *Number One Rent-A-Car v. Ramada Inns, Inc.*, 94 Nev. 779, 780-81, 587 P.2d 1329, 1330 (1978); *Dep't of Conservation & Natural Resources, Division of Water Resources v. Foley*, 121 Nev. 77, 80, 109 P.3d 760, 762

(2005).

Third, it is unsustainable because, by defaulting on the subject Loan and failing to cure his default, Plaintiff has failed to do equity and is thereby precluded from seeking injunctive (equitable) relief. *See, e.g.*, *In re Gardenhire, 209 F.3d at 1151; In re Bernard,* 96 F.3d at 1283; *McQuiddy*, 87 U.S. at 19.

Fourth, it is also unsustainable because it would be grossly inequitable to preserve the status quo, where Plaintiff benefits from possession of the Property for free, to the detriment of Deutsche Bank, who has owned the Property since February of 2009.  (*See* Exhibit G.)

Finally, the injunctive relief claim is unsustainable because injunctive relief is only available on posting of a security bond, and Plaintiff has failed to post any security bond, let alone one that would protect Defendants against a wrongful injunction.  *See* Fed.R.Civ.P. 65(c).

In short, Plaintiffs' injunctive relief claim is unsustainable for multiple reasons, and should be dismissed with prejudice.

<u>(9) Plaintiff's Declaratory Relief Claim Is Unsustainable</u>

Plaintiff's declaratory relief claim seeks a declaratory judgment finding that non-party Bank of America continues to violate truth in lending laws and that defendants are committing unfair lending practices.  (*See* Cmpt., at ¶¶ 110-111, 114.)  This claim is unsustainable for several reasons.

First, it is well established that declaratory relief is an equitable remedy, not an independent cause of action.  *See Hearne v. Countrywide Home Loans, Inc.*, 2010 WL 1815424 at *5 (D. Nev. Apr. 30, 2010); *GTE MotilNet of Cal. Ltd. Partnership v. City & County of San Francisco*, 2006 WL 294796 (N.D. Cal. Feb. 7, 2006).

Second, the declaratory relief claim is unsustainable because it is procedurally improper to seek declaratory judgment against non-party Bank of America.  *See, e.g.*, *Phelps v. Second Judicial*

SMITH LARSEN & WIXOM

A T T O R N E Y S

HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

20

SMITH LARSEN & WIXOM

A T T O R N E Y S
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

*Dist. Ct.*, 106 Nev. 917, 918-919, 803 P.2d 1101, 1102 (1990) (court cannot declare alleged rights of persons who were not parties to the action before it).

Third, to the extent the declaratory relief claim may relate to other defendants, it is neither necessary nor proper, as it relates to the same rights and obligations disputed in Plaintiff's other claims for relief.  Dismissal of a petition for declaratory relief is proper when the petition is duplicative and adds nothing to what would be implicit or express in a final judgment on the other claims.  *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749 (7th Cir. 1987); *Edwards Aquifer Auth. v. Chem. Lime, Ltd.*, 212 S.W.3d 683, 697 (Tex. App. 2006); *Amari v. Radio Spirits, Inc.*, 219 F. Supp. 2d 942, 944 (N.D. Ill. 2002).  "The object of [declaratory relief] is to afford a new form of relief where needed and not to furnish a litigant with a second cause of action for the determination of identical issues."  *Gen. of Am. Ins. Co. v. Lilly*, 258 Cal. App. 2d 465, 470 (1968).  Plaintiff's claim for declaratory relief raises the same issues as are raised in Plaintiff's other claims, which are all dispelled herein.  Accordingly, Plaintiff's claim for declaratory relief should be dismissed.

Fourth, the claim must be dismissed because Plaintiff is statutorily barred from asserting misconduct related to the Truth in Lending Act or Nevada's Unfair Lending Practices Act, because he filed this action more than four years after the alleged misconduct purportedly occurred.  15 U.S.C. 1635(f); 1640(e); NRS 11.190(4); *see also* Exhibit E, p. 6 (holding that Plaintiff's TILA claim is statutorily barred by three-year statute of limitations for TILA claims.)

Finally, the declaratory relief claim is unsustainable because it a claim in equity and, by defaulting on the subject Loan and failing to cure his default, Plaintiff has failed to do equity and is thereby precluded from seeking declaratory (equitable) relief.  *See, e.g.*, *In re Gardenhire, 209 F.3d at 1151; In re Bernard*, 96 F.3d at 1283; *McQuiddy*, 87 U.S. at 19.  For each of the foregoing

SMITH LARSEN & WIXOM
A T T O R N E Y S
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

reasons, Plaintiff's declaratory relief claim is unsustainable, and the Complaint should be dismissed.

<u>(10) Plaintiff's Rescission Claim Is Unsustainable</u>

Plaintiff's rescission claim is equally unsustainable and should be dismissed. First, rescission is a remedy, not a claim, and it must be dismissed where, as here, none of the underlying claims for relief has any merit. *See, e.g.*, *Canfield v. Reynolds*, 631 F.2d 169, 178 (2d Cir. 1980); *Zola v. Gordon*, 685 F.Supp. 354, 374 (S.D. N.Y. 1988). Second, Plaintiff has not alleged any mutual mistake or any other theory that could justify rescission of the subject Loan. Third, rescission is designed to put the parties back where they were before entering into an agreement and Plaintiff has not offered, or demonstrated an ability, to repay the funds he obtained by virtue of the subject Loan. *Scaffidi v. United Nissan*, 425 F.Supp.2d 1172 (D. Nev. 2005); *Bergstrom v. Estate of DeVoe*, 854 P.2d 860 (Nev. 1993). Fourth, as set forth above, none of Plaintiff's arguments regarding the unenforceability of the Loan or the need for rescission has any merit. Accordingly, Plaintiff's rescission claim must be dismissed with prejudice.

## IV. DISMISSAL OF THIS ACTION SHOULD BE WITH PREJUDICE

As set forth above and in the orders of dismissal in the First and Second Lawsuits, none of Plaintiff's claims for relief has any merit whatsoever. Defendants respectfully submit that this action should be dismissed with prejudice for the following three reasons.

First, notwithstanding the Court's orders of dismissal in Plaintiff's two prior actions, which plainly detail deficiencies in Plaintiff's prior pleadings, the instant Complaint still fails to assert a viable claim against Defendants. (*See* Exhibits C and E.) Under such circumstances, dismissal with prejudice is entirely appropriate. *See, e.g.*, *Henderson v. Sony Pictures Entertainment, Inc.*, 288 Fed.Appx. 387 (9th Cir. 2008) (dismissal with prejudice appropriate where plaintiff litigated same claims in a prior action); *Palmer v. Klamath County*, 12 Fed.Appx. 569 (9th Cir. 2001) (dismissal

with prejudice was appropriate where court permitted plaintiffs to amend complaint and gave them adequate notice of complaint's deficiencies, but amended complaint remained deficient); *McHendry v. Renne*, 84 F.3d 1172 (9th Cir. 1996) (upholding dismissal of second amended complaint with prejudice where new complaint failed to cure deficiencies or assert a viable claim); *see also Moore v. U.S.*, 193 F.R.D. 647 (N.D. Cal. 2000); *In re Redback Networks, Inc. Securities Litigation*, 329 Fed.Appx. 715 (9th Cir. 2009).

Dismissal with prejudice is also appropriate where, as here, Plaintiff appears to be engaged in a pattern of intentional delay – filing multiple unfounded lawsuits, apparently with the improper motive of forestalling eviction proceedings and prolonging his inequitable rent-free possession of the subject property. *See, e.g., Garrison v. International Paper Co.*, 714 F.2d 757 (8th Cir. 1983) (dismissal with prejudice appropriate where plaintiff is engaged in pattern of intentional delay).

Dismissal with prejudice is also appropriate pursuant to Fed.R.Civ.P. Rule 41(a)(1)(B). This section provides that when a plaintiff voluntarily dismisses an action that he has previously dismissed, the dismissal operates as an adjudication on the merit. While the section relates to voluntary dismissals, it should apply here by analogy, where the Court has dismissed two prior actions relating to the same loan and property that are at issue in this action.

Finally, this action should be dismissed with prejudice because, in spite of Plaintiff's three opportunities to assert a viable claim, he has failed to do so, and any amendment to this Complaint would be equally futile. *See, e.g., Forman v. Davis*, 371 U.S. 178 (1962); *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996) (futile amendments should not be accommodated); *Wisdom v. First Midwest Bank*, 167 F.3d 402, 409 (8th Cir. 1999) ("Parties should not be allowed to amend their complaint without showing how the complaint could be amended to save the meritless claim."); *Bailey v. Sullivan*, 885 F.2d 52, 59 (3d Cir. 1989) ("No purpose would be served by allowing [an]

SMITH LARSEN & WIXOM
A T T O R N E Y S
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

amendment to the complaint to add a challenge which would be dismissed").  Here, in spite of Plaintiff's repeated effort to reformulate and repackage his factual allegations, he has failed to assert a viable claim.  Dismissal of this third action, which is as futile as Plaintiff's previous lawsuits, should be with prejudice.

In short, Plaintiff's judicial gamesmanship of filing repeated unfounded lawsuits –  which has enabled Plaintiff to remain in possession of the subject property for more than two years without making a single payment on his Loan – must be stopped.  This time, dismissal should be with prejudice.

## V. THE LIS PENDENS MUST BE EXPUNGED

Plaintiff recorded a Lis Pendens (Instrument No. 201012130000179) ("Lis Pendens") against the Property on or about December 13, 2010.  Because Plaintiff's Complaint is a frivolous attempt to forestall eviction proceedings on the Property, the Complaint should be dismissed with prejudice and the Lis Pendens should be expunged.

NRS 14.015(1) provides that after a lis pendens is filed, the defendant may request and is entitled to a hearing on the matter which must be set "as soon as is practicable, taking precedence over all other civil matters except a motion for a preliminary injunction."  At the hearing, the party who recorded the lis pendens must establish, among other things, that the action was not brought in bad faith, that he is able to perform any conditions precedent to the relief sought in the action as it affects the title or possession of the property, and that he is likely to prevail in the action or has a fair chance of prevailing and would suffer greater hardship than the defendant if the lis pendens were expunged and title were transferred.  NRS 14.015(2) and (3).

Plaintiff's Lis Pendens should be expunged here because, as set forth above, Plaintiff's Complaint was brought in bad faith after two others were considered and rejected by this Court, and

Plaintiff does not have a likely chance, or even a fair chance, of prevailing on the merits, as required

by NRS 14.015(2) and (3).  Nor has Plaintiff alleged the ability to cure his deficiency on the Loan,

a condition precedent to any relief sought.  Accordingly, the Lis Pendens must be expunged.

## VI.  CONCLUSION

Plaintiff's Complaint fundamentally fails to state a claim upon which relief can be granted.

It is also unsustainable because it is a repeat pleading that attempts to relitigate matters that were

already considered and rejected by this Court on two separate occasions.  For the reasons set forth

herein, and because there are no legally sustainable claims against any of the Defendants, Plaintiff's

Complaint should be dismissed with prejudice.  Defendants also respectfully request that the Lis

Pendens that was recorded against the Subject Property be cancelled and expunged from the records

of the Clark County, Nevada Recorder.

DATED this __16__ day of February, 2011.

SMITH LARSEN & WIXOM

_____
Jay Earl Smith, Esq.
Nevada Bar No. 1182
Joseph T. Prete, Esq.
Nevada Bar No. 9654
Katie M. Weber, Esq.
Nevada Bar No. 11736
1935 Village Center Circle
Las Vegas, Nevada 89134
Attorneys for Defendants
Deutsche Bank National Trust Company, as Trustee;
JPMorgan Chase Bank, N.A., as an acquirer of
certain assets and liabilities of Washington Mutual
Bank, F.A. from the FDIC, acting as receiver; and
and California Reconveyance Company

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this ___16___ day of February, 2011, a true copy of the foregoing

**MOTION FOR JUDGMENT ON THE PLEADINGS AND TO EXPUNGE LIS PENDENS**

was filed electronically via the court's CM/ECF system and served electronically or by mail, postage

prepaid, to the following:

> Charles Anderson
> 6145 Laredo Street
> Las Vegas, NV 89146
> Plaintiff in pro per
> (Served Via U.S. Mail)

an employee of Smith Larsen & Wixom