Jay Earl Smith, Esq.
Nevada Bar No. 1182
Joseph T. Prete, Esq.
Nevada Bar No. 9654
Katie M. Weber, Esq.
Nevada Bar No. 11736
SMITH LARSEN & WIXOM
1935 Village Center Circle
Las Vegas, Nevada 89134
Tel: (702) 252-5002
Fax: (702) 252-5006
Email: jes@slwlaw.com
       jtp@slwlaw.com
       kw@slwlaw.com
Attorneys for Defendants
Deutsche Bank National Trust Company, as Trustee;
JPMorgan Chase Bank, N.A., as an acquirer of
certain assets and liabilities of Washington Mutual
Bank, F.A. from the FDIC, acting as receiver; and
and California Reconveyance Company

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

CHARLES ANDERSON, an individual,  )
                                  )
                Plaintiff,        )        CASE NO.    2:10-cv-02242-RLH-GWF
                                  )
v.                                )
                                  )
DEUTSCHE BANK NATIONAL TR CO;     )
JP MORGAN CHASE BANK, N.A.;       )        **REPLY IN SUPPORT OF MOTION FOR**
CALIFORNIA RECONVEYANCE CO.;      )        **JUDGMENT ON THE PLEADINGS AND**
AND DOES Individuals 1 to 100, inclusive, ) **TO EXPUNGE LIS PENDENS**
And ROES Corporations 1 to 30, inclusive )
And all other persons and entities unknown )
Claiming any right, title, estate, lien or )
Interest in the real property, described in )
The Complaint adverse to Plaintiff's      )
Ownership, or any cloud upon Plaintiff's  )
Title thereto,                            )
                                          )
                Defendants.               )
_____)

1

Defendants Deutsche Bank National Trust Company, as Trustee ("Deutsche Bank"); JPMorgan Chase Bank, N.A., as an acquirer of certain assets and liabilities of Washington Mutual Bank, F.A. from the FDIC, acting as receiver ("Chase"); and California Reconveyance Company ("CRC") (collectively, the "Defendants"), by and through their undersigned counsel, hereby submit this reply in support of Defendants' motion for judgment on the pleadings ("Motion for Judgment") and motion to expunge lis pendens ("Motion to Expunge").

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants' Motion for Judgment dispelled each of Plaintiff's claims for relief and requested that this action – which seeks to relitigate claims that were rejected by this Court on two prior occasions – be dismissed with prejudice.  In his Opposition, Plaintiff fails to respond to any of the points and authorities in the Motion for Judgment.  Instead, in conclusory manner, Plaintiff's Opposition makes the unfounded assertions that he has stated viable claims pursuant to the notice pleading standard of Fed.R.Civ.P. 8, and that, to the extent he had not done so, he should be granted leave to amend his Complaint.

For the reasons set forth herein, and in the Motion for Judgment, none of Plaintiff's claims for relief is sustainable even under a notice pleading standard.  Moreover, Plaintiff's last ditch request to amend, unaccompanied by any explanation how an amendment would cure his deficient complaint, should be squarely rejected.  Plaintiff's judicial gamesmanship of filing multiple lawsuits regarding the same loan and

SMITH LARSEN & WIXOM

A T T O R N E Y S

HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

property, in spite of this Court's repeated rejection and dismissal of his claims, must be stopped.

## II.  PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE, AS SET FORTH IN THE MOTION FOR JUDGMENT, NONE OF PLAINTIFF'S CLAIMS FOR RELIEF HAS ANY MERIT

Plaintiff's Complaint asserts the following claims for relief: (1) quiet title; (2) deceptive trade practices; (3) wrongful foreclosure; (4) conspiracy to commit wrongful conversion; (5) statutorily defective foreclosure; (6) broken chain of custody of the promissory note; (7) wrongful filing of unlawful detainer; (8) injunctive relief; (9) declaratory relief; and (10) rescission/cancellation of deed of trust.  As set forth in the Motion for Judgment, and briefly reiterated below, Plaintiff's Complaint should be dismissed because it is procedurally improper and because each of Plaintiff's claims for relief fails as a matter of law. (*See* Motion for Judgment, pp. 6-24.)

(1) Plaintiff's Complaint Should Be Dismissed Because It Is Procedurally Improper

This lawsuit is the **third** action that Plaintiff has filed related to the subject loan and property.  His first and second lawsuits were each dismissed in their entirety.  Upon being noticed of the adverse rulings in the first and second lawsuits, Plaintiff took no action to challenge the Court's rulings.  For instance, he failed to file a motion to alter or amend judgment or seek leave to amend his complaint in either lawsuit.  Instead, two weeks after the Court dismissed Plaintiff's second lawsuit, Plaintiff filed this third action in state court in a clear attempt to relitigate the same claims and allegations that this Court unequivocally rejected in the first and second lawsuits.  The claims are over, and they cannot be relitigated here – in a separate action.  Thus, this Complaint should be dismissed. (*Id.*, pp. 6-7.)

SMITH LARSEN & WIXOM
A T T O R N E Y S
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

1

2      Plaintiff's Complaint should also be dismissed as a matter of law because none of

3  Plaintiff's claims for relief is sustainable, even under a notice pleading standard. (*Id.*, pp.

4  7-8.)

5              (2) Plaintiff's Quiet Title Claim Is Unsustainable

6      Plaintiff's quiet title claim is unsustainable for multiple reasons.  First, Plaintiff

7  cannot overcome the presumption in favor of the record titleholder, and he has not

8  presented any cogent argument justifying a quiet title determination in his favor.  Indeed,

9  any interest he ever had in the subject property was encumbered by the deed of trust of

10  the subject loan, and has since been extinguished by virtue of a lawful foreclosure sale.

11  Moreover, before one can obtain quiet title to property encumbered by a mortgage loan,

12  he must first pay off the mortgage loan – which was not done here.  Finally, quiet title

13  claims lie in equity and it is well established that one who seeks equity must first do

14  equity.  By defaulting on the subject loan and failing to cure his default, Plaintiff has

15  failed to do equity and is therefore precluded from seeking equitable relief.  For each of

16  the foregoing reasons, Plaintiff's quiet title claim must be dismissed. (*Id.*, pp. 9-10.)

17         (3) Plaintiff's Deceptive Trade Practices Claim Is Unsustainable

18      As set forth more fully in the Motion for Judgment, Plaintiff's deceptive trade

19  practices claim is unsustainable for the same reasons it was unsustainable in plaintiff's

20  second lawsuit.  It is also unsustainable because it is vague and conclusory, and is not

21  asserted with the requisite degree of specificity.  Finally, it is unsustainable because it is

22  barred by the applicable statutes of limitations.   In short, Plaintiff's deceptive trade

23  practice claim fails for multiple reasons and should be dismissed. (*Id.*, pp. 10-11.)

SMITH LARSEN & WIXOM
A T T O R N E Y S
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMITH LARSEN & WIXOM
A T T O R N E Y S
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

(4) Plaintiff's Wrongful Foreclosure Claims (Third and
Fifth Claims for Relief) Are Unsustainable

As set forth more fully in the Motion for Judgment and in the orders dismissing Plaintiff's first and second lawsuit, Plaintiff's wrongful foreclosure claims fails for multiple reasons.  For instance, the claims fail because wrongful foreclosure claims are only sustainable where the borrower has satisfied his payment obligations on the loan, something which has not occurred here.   The claims also fail because nonjudicial foreclosure was proper under the subject loan documents and pursuant to Nevada law. Finally, the wrongful foreclosure claims fail because none of the allegations undergirding the claims has any merit whatsoever.  (*Id.*, pp. 11-16.)  For each of the foregoing reasons, Plaintiff's wrongful foreclosure claims should be dismissed.

(5) Plaintiff's Conspiracy Claim Is Unsustainable

As set forth more fully in the Motion for Judgment, Plaintiff's conspiracy claim fails for multiple reasons.  For instance, Plaintiff cannot establish any unlawful conduct by any of the Defendants or any agreement between Defendants to intentionally engage in misconduct, let alone unlawful conduct for the primary purpose of harming Plaintiff. The conspiracy claim also fails because Plaintiff has not articulated the role of any defendant in the purported conspiracy or pled the claim with the requisite degree of specificity.  (*Id.*, pp. 16-18.)  In short, Plaintiff's conspiracy claim is unsustainable and should be dismissed.

(6) Plaintiff's Claim for Broken Chain of Custody Claim Is Unsustainable

As set forth more fully in the Motion for Judgment, Plaintiff's broken chain of custody claim fails because there is no legally cognizable claim for relief in Nevada for

broken chain of custody.  Moreover, contrary to Plaintiff's contention, this Court has repeatedly rejected Plaintiff's "split the note" argument, holding instead that the mortgage follows the note. (*Id.*, pp. 18-19.)  Thus, Plaintiff's broken chain of custody claim should be dismissed.

### (7) Plaintiff's Claim for Wrongful Filing of Unlawful Detainer is Unsustainable

As set forth more fully in the Motion for Judgment, Plaintiff's claim for wrongful filing of unlawful detainer is unsustainable because, among other reasons, there is no legally cognizable claim for relief in Nevada for wrongful filing of unlawful detainer.  To the extent Plaintiff believes an unlawful detainer action was wrongfully filed, the proper place for asserting such an argument is within the context of that action, not here. Plaintiff's claim also fails because it appears to be based on the unfounded contention, dispelled *supra* and in the Motion for Judgment, that foreclosure proceedings related to the subject property are unlawful. (*Id.*, p. 19.)  For the foregoing reasons, Plaintiff's claim for wrongful filing of unlawful detainer must be dismissed.

### (8) Plaintiff's Injunctive Relief Claim Is Unsustainable

As set forth more fully in the Motion for Judgment, Plaintiff's injunctive relief claim fails for multiple reasons. First, injunctive relief is merely a remedy, not an independent cause of action.   Second, Plaintiff cannot demonstrate a reasonable probability of success on the merits of any of his claims.  Third, Plaintiff is precluded from seeking injunctive relief, which lies in equity, because, by defaulting on the subject loan and failing to cure, he has failed to do equity.  Fourth, Plaintiff's claim fails because it would be grossly inequitable to preserve the status quo, where Plaintiff benefits from

SMITH LARSEN & WIXOM
A T T O R N E Y S
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

possession of the subject property for free, to the detriment of Deutsche Bank, who has owned the subject property since February of 2009. Finally, the injunctive relief claim fails because Plaintiff has failed to post any security bond, let alone one that would protect Defendants against a wrongful injunction. (*Id.*, pp. 19-20.)

### (9) Plaintiff's Declaratory Relief Claim Is Unsustainable

As set forth more fully in the Motion for Judgment, Plaintiff's declaratory relief claim fails for several reasons as well. First, it is well established that declaratory relief is an equitable remedy, not an independent cause of action. Second, Plaintiff's request for declaratory relief against non-party Bank of America is improper. Third, the claim is neither necessary nor proper, as it relates to the same rights and obligations disputed in Plaintiff's other claims for relief. Fourth, the claim fails because it relates to allegations under the Truth in Lending Act which are statutorily barred. Finally, the claim fails because, by defaulting on the subject loan and failing to cure his default, Plaintiff has failed to do equity and is precluded from seeking equitable relief. (*Id.*, pp. 20-22.) For the foregoing reasons, Plaintiff's declaratory relief claim must be dismissed.

### (10) Plaintiff's Rescission Claim Is Unsustainable

As set forth more fully in the Motion for Judgment, Plaintiff's rescission claim fails for multiple reasons. First, rescission is a remedy, not a claim, and none of Plaintiff's underlying claims for relief has any merit. Second, Plaintiff has not alleged any mutual mistake or any other theory that could justify rescission of the subject loan. Third, rescission is designed to put parties back where they were before entering into an agreement and Plaintiff has not offered, or demonstrated an ability, to repay the funds he obtained by virtue of the subject loan. Fourth, Plaintiff's arguments regarding the

SMITH LARSEN & WIXOM

A T T O R N E Y S

HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

SMITH LARSEN & WIXOM

A T T O R N E Y S
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

enforceability of the subject loan or the need for rescission have no merit.  (*Id.*, p. 22.)
For each of the foregoing reasons, Plaintiff's rescission claim must be dismissed.

### III.  PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO PRESENT ANY POINTS AND AUTHORITIES TO REVIVE ANY OF HIS CLAIMS WHICH WERE UNIFORMLY DISPELLED IN THE MOTION FOR JUDGMENT

On March 8, 2011 (three days late), Plaintiff filed an Opposition to Defendants' Motion for Judgment.  However, instead of presenting points and authorities in response to the arguments in the Motion for Judgment, Plaintiff's Opposition merely contends, in conclusory fashion, that Plaintiff has asserted viable claims under a notice pleading standard, and that he should be granted leave to amend.  Plaintiff's failure to present points and authorities to respond to the arguments in the Motion for Judgment constitutes a consent to granting of the Motion for Judgment. LR 7-2(d).

### IV.  PLAINTIFF'S REQUEST TO AMEND SHOULD BE DENIED

Plaintiff's request to amend the Complaint should be denied because, among other reasons, the request is futile and unfairly prejudicial to Defendants.

While leave to amend generally should be freely granted, futile amendments should not be accommodated.[1]  Here, Plaintiff has not explained how an amendment would cure his deficient Complaint.  Nor has he attached a copy of a proposed amended complaint in violation of Local Rule 15-1.  This is the third complaint that Plaintiff has filed related to the same property and loan.  After three opportunities to formulate and

---

[1] *See, e.g.*, *Forman v. Davis*, 371 U.S. 178 (1962); *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996) (futile amendments should not be accommodated); *Wisdom v. First Midwest Bank*, 167 F.3d 402, 409 (8th Cir. 1999) ("Parties should not be allowed to amend their complaint without showing how the complaint could be amended to save the meritless claim."); *Bailey v. Sullivan*, 885 F.2d 52, 59 (3d Cir. 1989) ("No purpose would be served by allowing [an] amendment to the complaint to add a challenge which would be dismissed").

reformulate his position and claims, Plaintiff still has failed to assert a viable claim for relief. Permitting an amendment to this Complaint, without any indication of how the amendment would cure any of Plaintiff's baseless claims, would be an exercise in futility. Plaintiff's futile request to amend should be denied.

Plaintiff's request should also be denied because the request is unfairly prejudicial to defendant Deutsche Bank, who has been the lawful owner of the subject property for more than two years. Plaintiff's request to amend is nothing more than a continuation of Plaintiff's pattern of intentional delay – to forestall eviction proceedings and prolong his inequitable rent-free possession of the subject property. *See, e.g., Garrison v. International Paper Co.*, 714 F.2d 757 (8th Cir. 1983) (dismissal with prejudice appropriate where pattern of intentional delay).

In short, Plaintiff's request to amend would be futile and unfairly prejudicial to Defendants, and it should be denied. Additionally, for these same reasons and the reasons set forth in the Motion for Judgment, Plaintiff's Complaint should be dismissed with prejudice.

## V. THE LIS PENDENS SHOULD BE EXPUNGED

In the Motion for Judgment, Defendants set forth the standard for a plaintiff to maintain a lis pendens on real property. (*See* Motion for Judgment, pp. 24-25.) Specifically, the plaintiff has the burden of establishing, among other things: (1) that the action was not brought in bad faith; (2) that he is able to perform any conditions precedent to the relief sought in the action as it affects the title or possession of the property; and (3) that he is likely to prevail in the action or has a fair chance of prevailing and would suffer greater hardship than the defendant if the lis pendens were expunged

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

and title were transferred. *Id.*; *see also* NRS 14.015. The Motion to Expunge further explained how Plaintiff has not established, and cannot establish, any of these elements. *Id.*

Plaintiff's Opposition fails to present any points and authorities in support of maintaining their lis pendens on the subject property. Accordingly, for the reasons set forth herein, and in the Motion to Expunge, and pursuant to LR 7-2(d), Defendants respectfully request that the Court enter an order expunging the lis pendens (Instrument No. 201012130000179) that Plaintiff has wrongfully recorded against the subject property.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SMITH LARSEN & WIXOM
A T T O R N E Y S
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

## VI.  CONCLUSION

Plaintiff's Complaint fundamentally fails to state a claim upon which relief can be granted.  It is also unsustainable because it is a repeat pleading that attempts to relitigate matters that were already considered and rejected by this Court on two separate occasions. Plaintiff's Opposition fails to meaningfully respond to any of the arguments in the Motion for Judgment which uniformly dispel each of his claims for relief.  For the reasons set forth herein, and in the Motion for Judgment, and because there are no legally sustainable claims against any of the Defendants, Plaintiff's Complaint should be dismissed with prejudice.  Defendants also respectfully request that the lis pendens that was recorded against the subject property be cancelled and expunged from the records of the Clark County, Nevada Recorder.

DATED this 21 day of March, 2011.

SMITH LARSEN & WIXOM

Jay Earl Smith, Esq., NBN 1182
Joseph T. Prete, Esq., NBN 9654
Katie M. Weber, Esq., NBN 11736
1935 Village Center Circle
Las Vegas, Nevada 89134
Attorneys for Defendants
Deutsche Bank National Trust Company, as
Trustee; JPMorgan Chase Bank, N.A., as an
acquirer of  certain assets and liabilities of
Washington Mutual Bank, F.A. from the FDIC,
acting as receiver; and California Reconveyance
Company

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of March, 2011, a true copy of the Foregoing **REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AND TO EXPUNGE LIS PENDENS** was filed electronically via the court's CM/ECF system and served either by mail, postage prepaid, to the following or electronically as noted:

Charles Anderson
6145 Laredo Street
Las Vegas, NV 89146
Plaintiff in pro per
(Served Via U.S. Mail)

an employee of Smith Larsen & Wixom

12