# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLES ANDERSON, | Case No.: 2:10-cv-02242-RLH-GWF |
| Plaintiff, | **O R D E R** |
| vs. | (Plaintiff's Motion to Remand–#8; Defendants' Motion for Judgment on the Pleadings–#14; Defendants' Motion to Expunge Lis Pendens–#15) |
| DEUTSCHE BANK NATIONAL TR CO.; JP MORGAN CHASE BANK, N.A.; CALIFORNIA RECONVEYANCE CO.; AND DOES I individuals 1 to 100, Inclusive; and ROES Corporations 1 to 30, Inclusive; and all other persons and entities unknown claiming any right, title, estate, lien or interest in the real property, described in the Complaint adverse to Plaintiff's ownership, or any cloud upon Plaintiff's title thereto, | |
| Defendants. | |

Before the Court is Charles Anderson's **Motion to Remand** (#8, filed Jan. 20, 2011). The Court has also considered Defendants Deutsche Bank National Trust Co. ("Deutsche Bank"), JP Morgan Chase Bank ("JP Morgan"), and California Reconveyance Co.'s Opposition (#10, filed Jan. 26, 2011), and Anderson's Reply (#12, filed Feb. 7, 2011).

1

AO 72
(Rev. 8/82)

Also before the Court is Defendant's **Motion for Judgment on the Pleadings** (#14, filed Feb. 16, 2011). The Court has also considered Anderson's Opposition (#23, filed Mar. 8, 2011), and Defendants' Reply (#26, filed Mar. 21, 2011).

Finally, before the Court is Defendants' **Motion to Expunge Lis Pendens** (#15, filed Feb. 16, 2011). The Court has also considered Anderson's Opposition (#23, filed Mar. 8, 2011), and Defendants' Reply (#26, filed Mar. 21, 2011).

## BACKGROUND

In February 2006, Plaintiff Charles Anderson obtained a home loan for $452,000, which was secured by a deed of trust on the real property located at 6145 Laredo Street, Las Vegas, NV 89146 (the "Property"). Anderson subsequently defaulted on the loan. On September 2, 2008, California Reconveyance recorded both a Notice of Default and a Substitution of Trustee naming Washington Mutual (which was later succeeded in interest by JP Morgan) as Trustee. Deutsche Bank obtained the deed to the Property through a foreclosure sale in March 2009.

On September 4, 2009, Anderson filed his first lawsuit related to the Property asserting claims for: (1) quiet title; (2) wrongful foreclosure; (3) violations of the Truth in Lending Act; and (4) rescission. The Honorable Robert C. Jones, U.S. District Court Judge, dismissed each claim without prejudice after Defendants filed a motion for judgment on the pleadings. *Anderson v. Long Beach Sec. Corp.*, No. 2:09-cv-01769-RCJ -GWF, Dkt. #21, Order (D. Nev. Apr. 1, 2010). Judge Jones held that Anderson's complaint failed to state a legally cognizable claim for relief against Deutsche Bank and dismissed the remaining defendants due to a lack of service of process. *Id.*, Dkt. #20, Order, Feb. 25, 2010.

Months later, without moving to amend his complaint, Anderson filed a second lawsuit in the Eighth Judicial District Court of the State of Nevada ("State Court"), which Defendants promptly removed to federal court. *Anderson v. Deutsche Bank Nat'l Trust Co.*, No. 2:10-cv-01443-JCM-PAL, Dkt. #1, Pet. for Removal (D. Nev. Aug. 25, 2010). Anderson asserted the following claims: (1) violations of unfair lending practices; (2) deceptive trade practices;

1  (3) wrongful foreclosure; (4) conspiracy to commit fraud and conversion; (5) conspiracy to commit
2  fraud related to the MERS system; (6) inspection and accounting; (7) unjust enrichment; (8) quite
3  title; (9) breach of good faith and fair dealing; (10) injunctive relief; (11) declaratory relief; and
4  (12) rescission.  On October 29, 2010, the Honorable James C. Mahan, U.S. District Court Judge,
5  evaluated each claim on its merits and granted Defendants' motion to dismiss pursuant to Rule
6  12(b)(6) of the Federal Rules of Civil Procedure dismissing the case in its entirety against all
7  Defendants.  *Id.*, Dkt. #19, Order, Oct. 29, 2010.

8       Two weeks later, on November 12, Anderson filed a third suit—the instant
9  action—in the State Court asserting the following claims: (1) quiet title; (2) deceptive trade
10 practices; (3) wrongful foreclosure; (4) conspiracy to commit wrongful conversion; (5) statutorily
11 defective foreclosure; (6) broken chain of custody; (7) wrongful filing of unlawful detainer; (8)
12 injunctive relief; (9) declaratory relief; and (10) rescission.  (Dkt. #1, Pet. for Removal Ex. A,
13 Compl.)  Anderson then recorded a lis pendens against the Property.  Defendants subsequently
14 removed the suit to this Court on the basis of diversity and federal question jurisdiction.

15      Anderson has now filed a motion to remand to the State Court.  Defendants have
16 also filed motions for judgment on the pleadings and to expunge the lis pendens.  For the reasons
17 discussed below, the Court denies Anderson's motion and grants Defendants' motions.

## DISCUSSION

**I.    Anderson's Motion to Remand**

    **A.    Legal Standard**

A motion to remand is the proper procedure for challenging removal.  *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007).  If a defendant has improperly removed a case over which the district court lacks subject matter jurisdiction, the district court shall remand the case to state court.  28 U.S.C. § 1447(c); *see also Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (noting that a district court resolves all ambiguity in favor of remand).  The district court, however, lacks discretion to remand a case to the state court if the case was

1  properly removed. *Carpenters S. Cal. Admin. Corp. v. Majestic Hous.*, 743 F.2d 1341, 1343 (9th Cir. 1984). A district court may exert federal question jurisdiction over a civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To establish subject matter jurisdiction pursuant to diversity of citizenship, the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a).

### B.     Analysis

In Anderson's Motion to Remand (#8), he only challenges federal question jurisdiction. However, Defendants' Petition for Removal (#1) invoked subject matter jurisdiction in this Court through both federal question and diversity jurisdiction. According to Defendants, the Court has jurisdiction because Anderson alleged misconduct arising under the Home Affordable Modification Program, 12 U.S.C. § 5201, thus satisfying federal question jurisdiction. Additionally, although Anderson does not address this, diversity jurisdiction exists because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between Anderson and all named Defendants. Thus, removal from State Court was proper. Accordingly, the Court denies Anderson's motion.

## II.    Defendants' Motion for Judgment on the Pleadings

### A.     Legal Standard

A district court will grant a motion for judgment on the pleadings under Rule 12(c) if the initial complaint fails to state a claim under Rule 12(b)(6). *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd.*, 132 F.3d 526, 529 (9th Cir. 1997). Pursuant to Rule 12(b)(6), when a plaintiff's claims have not crossed the line from conceivable to plausible, the plaintiff's complaint must be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A Court may also render judgment on the pleadings when the pleadings exhibit no issue of material fact to resolve, and the moving party is entitled to judgment as a matter of law. *Enron*, 132 F.3d at 529.

///

**B.     Claim Preclusion**

    **i.     Legal Standard**

The doctrine of claim preclusion prohibits later legal action of any claim that has been raised or *could have been raised* in a prior legal action. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (emphasis added). The object of claim preclusion is to obtain finality by preventing a party from filing another suit that is based on the same set of operative facts of the initial suit. *See Adams v. Cal. Dept. of Health* Services, 487 F.3d 684, 688 (9th Cir. 2007). To that end, district courts are obligated to ensure that "judicial resources are not needlessly squandered on repeated attempts to misuse the courts." *O'Loughlin v. Doe*, 920 F.2d 614, 618 (9th Cir. 1990). "Frivolous and harassing claims crowd out legitimate ones and need not be tolerated repeatedly by the district courts." *Id.* Claim preclusion applies where: (1) the same parties, or parties in privity, were involved in prior litigation; (2) the suit concerns the same claim as the prior litigation; and (3) the prior litigation ended with a final judgment on the merits. *Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 555 (9th Cir. 2003) (citing *Blonder-Tongue Labs., Inc. v. Univ. Of Ill. Found.*, 402 U.S. 313, 323–24 (1971)).

    First, parties are in privity when their relationship is "sufficiently close." *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997). A relationship is sufficiently close when a non-party has succeeded a party's interest in property from prior litigation. *Id.* A court may also find privity where there is a "substantial identity" between the party and the nonparty. *Id.* (citing *United States v. ITT Rayonier, Inc.*, 627 F.2d 996, 1003 (9th Cir. 1980)).

    Second, a district court uses a transaction test to determine whether the two suits originate from the same claim. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). Two events are part of the same transaction when they are related to the same set of facts. *Id.* (citing *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992)).

    Third, Rule 41(b) states that unless a dismissal order specifies that the dismissal is "without prejudice," then the dismissal is "with prejudice" and is, therefore, a final judgment on

the merits. *Stewart*, 297 F.3d at 957. Rule 12(b)(6) dismissals are therefore "judgments on the merits" to which claim preclusion applies because such dismissals are granted based on the plaintiff's failure to state a plausible claim. *Id.*

### ii.   Analysis

This is the third time Anderson has attempted to litigate claims related to the foreclosure on his Property. In Anderson's first case before Judge Jones, claim preclusion was inapplicable because the facts of the case had not been previously litigated. Anderson's second attempt in the case before Judge Mahan was not barred by claim preclusion because Judge Jones' dismissal order did not evaluate the claims on their merits nor did it resolve the claims as to all Defendants and, most importantly, Judge Jones' dismissal was without prejudice. In Anderson's second attempt, however, Judge Mahan evaluated each claim and dismissed Anderson's case in its entirety against all Defendants. Here, Anderson raises claims for the third time that arise from the same set of facts that Judge Mahan dismissed as meritless.

The Court concludes that the claim preclusion doctrine clearly bars Anderson's third attempt to litigate claims related to the foreclosure proceedings on the Property. First, this suit involves the same parties as the suits before Judge Jones and Judge Mahan. Although JP Morgan is a newly named defendant, the relationship between JP Morgan and the previously named Defendants is sufficiently close to justify a finding of privity because California Conveyance named Washington Mutual as trustee for the Property, and JP Morgan is now Washington Mutual's successor in interest. Therefore, JP Morgan shares a substantial identity with the previously named defendants. Further, Anderson offered no explanation as to why JP Morgan was not included in the earlier suits but is now included in this suit.

Second, all suits originated from the foreclosure proceedings related to the same real property. Thus, all three suits originate from the same claim because the claims in all three cases arise from the same set of operative facts. Additionally, Anderson repeatedly asserts the same or similar claims in all three complaints. For example, Anderson asserts a claim for

AO 72
(Rev. 8/82)

1  wrongful foreclosure in all three cases, and he asserted a claim for conspiracy to commit fraud and
2  conversion in the second suit and subsequently alleged a claim for conspiracy to commit wrongful
3  conversion in this action.
4        Finally, Judge Mahan's dismissal of Anderson's claims constitutes a final judgment
5  on the merits because he reviewed the plausibility of each claim and dismissed the claims against
6  all Defendants with prejudice.  The Court, therefore, finds that Anderson's claims are barred from
7  further litigation by the doctrine of claim preclusion.  The pleadings present no genuine issue of
8  material fact and Defendants are entitled to judgment as a matter of law.  Accordingly, the Court
9  grants Defendants' Motion for Judgment on the Pleadings.

10  **III.     Defendants' Motion to Expunge Lis Pendens**

11        Defendants also have challenged the lis pendens Anderson filed on the Property.
12  Because the Court granted the Motion for Judgment on the Pleadings, the Court also grants
13  Defendants' Motion to Expunge Lis Pendens.

14  **IV.     Anderson's request for leave to amend**

15        In Anderson's Opposition, he contends that the Court should grant him leave to
16  amend his complaint.  Although Anderson neither submitted a motion requesting leave to amend,
17  nor attached a proposed amended complaint to comply with Rule 15-1 of the Local Rules of
18  Practice, the Court considered Anderson's request because he is a *pro se* litigant whose pleadings
19  should be liberally construed.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986).  Furthermore, the
20  Court wants to impress upon Anderson why amendment is improper.

21      **A.     Legal Standard**

22        The court should grant leave to amend a complaint "when justice so requires."  Fed.
23  R. Civ. Pro. 15(a)(2).  Nonetheless, a district court may deny leave to amend if it will cause: (1)
24  undue delay; (2) undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the
25  party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile.  *Leadsinger,*
26  *Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

AO 72
(Rev. 8/82)

Defendants have challenged Anderson's request to amend arguing that amendment is prejudicial and would be futile. As the Third Circuit has held, an amendment is prejudicial if it unfairly disadvantages the defendant. *Heyl and Patterson Int'l, Inc. v. F. D. Rich Hous., Inc.*, 663 F.2d 419, 426 (3d Cir. 1981). A proposed amendment is futile if it fails to state a claim under Rule 12(b)(6). *Farina v. Compuware Corp.*, 256 F. Supp. 2d 1033, 1061 (9th Cir. 2003) (internal citations omitted).

**B.     Analysis**

As the Court explained above, Anderson's claims are barred under the doctrine of claim preclusion. Even if that was not the case, this case represents the third time Anderson has tried to state a cognizable legal claim related to the foreclosure of his property without success. Furthermore, Anderson has neither attached an amended complaint pursuant to Local Rule 15-1, nor has he explained what changes he would make to the pleadings to comply with Rule 12(b)(6). Thus, the Court finds that allowing Anderson to amend his complaint would be futile. Further, Deutsche Bank has been the lawful owner of the Property for two years, while Anderson has continued to live there without making payments according to the Defendants. Anderson does not dispute this fact. Allowing this inequitable situation to continue would prejudice the Defendants. The Court, therefore, denies Anderson's request to amend his complaint.

In addition, the Court informs Anderson that if he chooses to file any additional lawsuits related to the foreclosure of his property, Defendants may file a motion for order to show cause as to why Anderson should not be sanctioned and declared a vexatious litigant. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1050 (9th Cir. 2007).

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Anderson's Motion for Remand (#8) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion for Judgment on the Pleadings (#14) and Motion to Expunge (#15) are GRANTED. Any Lis Pendens or Notice of

AO 72
(Rev. 8/82)

Pendency recorded in connection with the property located at 6145 Laredo Street, Las Vegas, NV 89146 is now expunged, extinguished, and/or released. The Clerk of the Court is directed to close this case.

Dated: July 12, 2011

_____
**ROGER L. HUNT**
**United States District Judge**

AO 72
(Rev. 8/82)